■ In the Matter of CITY OF NIAGARA FALLS, Appellant, v NIAGARA FALLS FIRE DEPARTMENT OFFICERS ASSOCIATION, Respondent. [667 NYS2d 555] —Order unanimously affirmed without costs. Memorandum: Respondent, Niagara Falls Fire Department Officers Association (Association), filed a class grievance charging that operational changes implemented by the Fire Chief violated section 5.4 of article 5 of the parties' collective

bargaining agreement. That section requires petitioner, City of Niagara Falls (City), to "maintain a level of safety standards consistent with current Firefighting techniques and standards established in recognized and applicable safety regulations". The grievance was denied by the City at the preliminary stages, and the Association made a demand for arbitration. The City sought to stay arbitration on the grounds that the Association did not comply with the grievance procedure set forth in the agreement and that the dispute is not arbitrable. Supreme Court denied the stay.

We affirm. In determining whether a public employee dispute is arbitrable, a court may concern itself with two questions only: (1) whether arbitration of the subject matter of the dispute is permissible under the Taylor Law (Civil Service Law art 14) and does not violate public policy; and (2) if so, whether the parties agreed by the terms of their arbitration clause to submit such disputes to arbitration (*see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513). Arbitration of the subject matter of this dispute is permissible under the Taylor Law and does not violate public policy, and the parties agreed to submit such disputes to arbitration by the terms of their agreement. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Arbitration.) Present—Green, J. P., Pine, Wisner, Callahan and Fallon, JJ.